## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VERSAI MANAGEMENT**                                        **CIVIL ACTION**
**CORPORATION,**
        **Plaintiff**

**VERSUS**                                                   **No. 11-290 c/w**
                                                             **11-2139,11-2140**
                                                             **(REF: 11-2139, 11-2140)**


**LANDMARK AMERICAN**                                        **SECTION "E"**
**INSURANCE CORPORATION**
        **Defendant**


## ORDER AND REASONS

Before the Court is a motion[1] for partial summary judgment filed by Defendant,

Landmark American Insurance Corporation ("Defendant").   In this Order, the Court

considers only Defendant's argument that Plaintiff failed to comply with the protective

safeguards endorsement (the "Endorsement") in the policy at issue.[2]  Defendant maintains

that the Endorsement contains conditions precedent and, as Plaintiff failed to satisfy these

conditions precedent, Plaintiff's claimed losses are not covered under the policy.  Plaintiff

opposes Defendant's argument and responds that the contested language contains only

exclusions, not condition precedents.[3]  The Endorsement comprises two pages, attached

---

[1]  R. Doc. 92.  Defendant has also filed a reply memorandum in support of this motion.  *See* R. Doc. 140.

[2]  Defendant's motion also seeks summary judgment that (1) the Louisiana Valued Policy Law does not apply to the insurance contract at issue in this case because the parties agreed to an alternative method of calculation for determining Plaintiff's losses and (2) Plaintiff is not entitled to damages pursuant to La. Rev. Stat. §§ 22:1892 and 22:1973.  Plaintiff has also filed a motion for partial summary judgment regarding these issues.  *See* R. Doc. 84.  The Court will address these issues by subsequent order.

[3] R. Doc. 102.

1

hereto as Exhibit A.[4]  For the following reasons, the Court concludes as a matter of law that Page 1 of the Endorsement contains conditions precedent, while Page 2 contains exclusions. The Court finds that genuine issues of material fact exist as to whether Plaintiff complied with the conditions precedent on Page 1 and, if not, whether the alleged breach of those conditions increased the physical hazard under the policy.  The Court also finds that, if the Endorsement's conditions were met, genuine issues of material fact exist as to whether Defendant may nevertheless exclude coverage pursuant to Page 2 of the Endorsement.  As a result, the Court **DENIES** summary judgment on these issues.[5]

### Background

The Versailles Arms Apartments is a 50-unit, low-income housing apartment complex (the "Complex") located in the New Orleans East area of New Orleans, Louisiana.[6] The Complex sustained heavy damage during Hurricane Katrina.  Plaintiff obtained an all-risk commercial property insurance policy covering the Complex from Defendant for the years 2008-2009.[7]  The following year, Defendant issued to Plaintiff another all-risk commercial property insurance policy, number LHD364713 (the "Policy"), with an effective period from October 31, 2009, to October 31, 2010.[8] The Policy provides coverage for losses

---

[4] *See* R. Doc. 84-2 at pp. 10-11.

[5] The Court observes that it granted Plaintiff an extension until Friday, February 22, 2013, to file a supplemental opposition to Defendant's motion for partial summary judgment filed at R. Doc. 92 because the parties were delayed in obtaining transcripts of fact witnesses' deposition testimony.  *See* R. Doc. 135. Because the determination that a contract is clear is a question of law, *Johnson v. Orleans Parish Sch. Bd.*, 80 So.3d 1175, 1183 (La. App. 4 Cir. 2011), and the Court finds as a matter of law that the Policy is clear but denies summary judgment in all other respects, Plaintiff is not prejudiced by the Court's ruling before Plaintiff files its supplemental memorandum.

[6] R. Doc. 88 at pp. 10-11.

[7] R. Doc. 88 at p. 11.

[8] R. Doc. 88 at p. 11.

resulting from fire.[9]

On July 26, 2010, fire damaged buildings 27 and 51 of the Complex.[10]  On September 3, 2010, a second fire destroyed building 40.[11]  On September 23, 2010, a third fire damaged building 25.[12]  Thereafter, Plaintiff instituted three separate lawsuits against Defendant – one addressing each fire[13] – in the Civil District Court for the Parish of Orleans, State of Louisiana.[14]  Plaintiff alleges that Defendant failed to timely adjust its claims for losses stemming from the fires and failed to tender to Plaintiff the amount of the buildings' value as set forth in the Policy.  Defendant removed the cases to the U.S. District Court for the Eastern District of Louisiana, where they were consolidated as the above-captioned matter.[15]  Jurisdiction is predicated on diversity.

Plaintiff's petitions allege that it is owed the full value of buildings 25 and 40 as stated in the Policy and provided for under the Louisiana Valued Property Law (La. Rev. Stat. § 1318), as well as penalties, attorney's fees and costs pursuant to La. Rev. Stat. §§

---

[9] R. Doc. 88 at p. 10.

[10] R. Doc. 88 at p. 11.

[11] R. Doc. 88 at p. 11.

[12] R. Doc. 88 at p. 11.

[13] Civil Action Nos. 11-290 (July 26, 2010 fire), 11-2139 (September 23, 2010 fire), and 11-2140 (September 3, 2010 fire).  Unless otherwise noted, all references to the record in this order refer to the master consolidated docket in Civil Action No. 11-290.

[14] On November 26, 2012, Defendant filed a Revised Offer of Judgment regarding the July 26, 2010 fire pursuant to Rule 68 of the Federal Rules of Civil Procedure.  *See* R. Doc. 68.  Plaintiff accepted the offer on December 9, 2012.  *See* R. Doc. 78.  The Court entered judgment in favor of Plaintiff and against Defendant on December 11, 2012, in Civil Action No. 11-290.  *See* R. Doc. 79.  As a result, Plaintiff's triable claims remain only in Civil Action Nos. 11-2139 and 11-2140.

[15] R. Doc. 38.

22:1892 and 22:1973.[16]   Defendant has counterclaimed, alleging that, pursuant the Endorsement, the Policy requires Plaintiff to ensure that the Complex is "fenced with security" and that the Complex contains no aluminum electrical wiring.[17]   Defendant maintains Plaintiff failed to comply with these conditions and, despite having knowledge that it was not in compliance with the Endorsement, submitted fraudulent proofs of loss to Defendant.  As a result, Defendant contends it is entitled to damages pursuant to La. Rev. Stat. § 22:1924, La. Civ. Code art. 2299, and La. Civ. Code art. 2303.  Defendant also seeks costs, attorney's fees, and interest for the expenses it incurred to investigate and defend against Plaintiff's claims.[18]

Defendant has moved for judgment as a matter of law that (1) the Endorsement imposes duties on Plaintiff to properly fence and secure the Complex, (2) these duties are conditions precedent to Plaintiff's right to recover under the policy, and (3) because Plaintiff failed to satisfy these conditions precedent, Plaintiff's losses are not covered and, as a result, Plaintiff is not entitled to any recovery under the Policy.[19] Plaintiff responds that the Endorsement does not contain condition precedents, but rather, exclusions.[20]  Page 1 of the Endorsement provides in pertinent part:

### PROTECTIVE SAFEGUARDS

1.   As a <u>condition</u> of this insurance, you are required to maintain the protective devices or services listed in the

---

[16] Civil Action No. 11-2139, R. Doc. 1-1; Civil Action No. 11-2140, R. Doc. 1-1.

[17] R. Docs. 57 and 58.

[18] R. Docs. 57 and 58.

[19] R. Doc. 92-1 at pp. 1-2.

[20] R. Doc. 102.

Schedule above.

2.  The protective safeguards to which this endorsement applies are identified by the following symbols:

. . .

"P-9" the protective system described in the Schedule.[21]

The Schedule applies to all buildings.[22] Under the language "Protective Safeguards Symbols Applicable," the Schedule lists "P-9."   Following the words "Describe any 'P-9,' " the Schedule states: "No Aluminum Wiring, Complex is Fenced with Security."[23]   On Page 2, the Endorsement further provides:

B. The following is added to the <u>EXCLUSIONS</u> section of:

> CAUSES OF LOSS – BASIC FORM
> CAUSES OF LOSS – BROAD FORM
> CAUSES OF LOSS – SPECIAL FORM
> MORTGAGE HOLDERS ERRORS AND OMISSION
>     COVERAGE FORM
> CAUSES OF LOSS FORM – FARM PROPERTY
> MOBILE   AGRICULTURAL   MACHINERY   AND
>     EQUIPMENT COVERAGE FORM
> LIVESTOCK COVERAGE FORM

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

> 1.  Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

> 2.  Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in

---

[21] R. Doc. 84-2 at p. 10 (underlining added).  *See also* Exhibit A at p. 1.

[22] R. Doc. 84-2 at p. 10.

[23] R. Doc. 84-2 at p. 10.

complete working order.[24]

### *Summary Judgment Standard*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.' " *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the

---

[24] R. Doc. 84-2 at p. 11 (underlining added). *See also* Exhibit A at p. 2.

record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### Law and Analysis

Sitting in diversity, this Court applies the substantive law of Louisiana. *Lexington Ins. Co. v. St. Bernard Parish Gov't*, 2013 WL 55908, at *3 (E.D. La. Jan. 3, 2013) (Vance, J.); *Pelas v. EAN Holdings, L.L.C.*, 2012 WL 2339685, at *2 (E.D. La. June 19, 2012) (Feldman, J.). Under Louisiana law, if a term in an insurance contract is a condition precedent, the insured has the burden of proving that it satisfied the condition in order for the alleged loss to be a covered loss. *See, e.g.*, *Scherer v. Chaisson*, 469 So.2d 510, 514 (La.

7

App. 3 Cir. 1985); *Loupe v. Tillman*, 367 So.2d 1289, 1290 (La. App. 4 Cir. 1979).[25] Conversely, if the term is an exclusion, the insurer bears the burden of showing that an otherwise covered loss is excluded from coverage under the policy. *See, e.g., Sensebee v. Canal Indem. Co.*, 35 So.3d 1122, 1125 (La. App. 1 Cir. 2010) ("An insurer has the burden of proving that a loss falls within a policy exclusion.") (citing *La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250, 1252 (La. 1993)); *Best v. State Farm Fire & Cas. Co.*, 969 So.2d 671, 675 (La. App. 4 Cir. 2007).

An insurance policy should be construed using the general rules of contract interpretation set forth in the Louisiana Civil Code. *Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La. 2006) (citing *Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003)). Consequently, "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing La. Civ. Code art. 2047). "The interpretation of an insurance policy is normally a question of law." *Johnson v. Orleans Parish Sch. Bd.* 80 So.3d 1175, 1183 (La. App. 4 Cir. 2011). "Likewise, the determination of whether a contract is clear or ambiguous is a question of law." *Id.* "Moreover, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate." *Id.*

The Court has reviewed all of the parties' cited caselaw and the relevant language set forth in the Endorsement. The Court holds that, under the plain words of the contract, Page

---

[25] With respect to a breach of a condition in a "policy of fire insurance," an insurer must prove that such breach "increase[d] either the moral or physical hazard under the policy" in order to avoid liability. *See* La. Rev. Stat. § 22:1314.

1 contains conditions precedent and Page 2 contains exclusions.  The Court observes that other U.S. District Courts in Louisiana, applying Louisiana law while sitting in diversity, have concluded nearly identical protective safeguards endorsements contain both conditions precedent *and* exclusions.  *See Brookwood, LLC v. Scottsdale Ins. Co.*, 2009 WL 2525756 (E.D. La. Aug. 17, 2009) (Engelhardt, J.);[26] *Scottsdale Ins. Co. v. Logansport*

---

[26] The protective safeguards endorsement in *Brookwood* provided:

**BURGLARY AND ROBBERY PROTECTIVE SAFEGUARDS**

1. As a condition of this insurance, you are required to maintain the protective devices and/or services listed in the Schedule above.

2. The protective safeguard(s) to which this endorsement applies are identified by the following symbols:

a. "BR–1" Automatic Burglary Alarm, protecting the entire building, that signals to:

(1) An outside central station, or

(2) A police station.

. . . .

B.  The following is added to the **Exclusions** section of the Causes Of Loss – Special Form:

**BURGLARY AND ROBBERY PROTECTIVE SAFEGUARDS**

We will not pay for loss or damage caused by or resulting from theft if, prior to the theft, you:

1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

*See* Civil Action No. 08-4793 (E.D. La.), R. Doc. 12-8, at p. 13 (bold in original).

*Gaming, LLC*, 2012 WL 6086876 (W.D. La. Dec. 5, 2012).[27]  Thus, at trial, Plaintiff has the burden to put forward the facts proving that it satisfied the conditions precedent and, as a result, that its losses are covered.  *See, e.g., McBride v. Security Indus. Fire Ins. Co.*, 622 So.2d 743, 744 (La. App. 3 Cir. 1993).  If Plaintiff fails to satisfy this burden, Defendant must prove still that the breach of these conditions increased the physical hazard under the Policy.  *See* La. Rev. Stat. § 22:1314.  Having reviewed the parties' summary judgment evidence and the law, the Court finds that genuine issues of material fact preclude the Court from determining whether Plaintiff satisfied the conditions precedents and whether any alleged breached increased the physical hazard under the Policy.  For example, there are

---

[27]  The protective safeguards endorsement in *Logansport Gaming* provided:

A. The following is added to the Commercial Property Conditions

PROTECTIVE SAFEGUARDS

1.  As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above [Fire Extinguishers and Ansul System].

2.  The protective safeguards to which this endorsement applies are identified by the following symbols: . . .

"P-9" The protective system described in the Schedule [Fire Extinguishers and Ansul System].

B.  The following is added to the EXCLUSIONS section of the Causes of Loss Special Form:

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

*Logansport Gaming*, 2012 WL 6086876, at *1.

factual disputes as to whether Plaintiff was required to have paid security personnel and, if so, how frequently such personnel were required to conduct security inspections of the property.

As for the exclusions set forth on Page 2, at trial Defendant has the burden to put forward facts proving that Plaintiff's losses are excluded from coverage. *See, e.g.*, *Sensebee v. Canal Indem. Co.*, 35 So.3d 1122, 1125 (La. App. 1 Cir. 2010); *Best v. State Farm Fire & Cas. Co.*, 969 So.2d 671, 675 (La. App. 4 Cir. 2007). Even if no genuine issues of material fact exist with respect to whether Plaintiff satisfied or breached the conditions precedent, and whether any alleged breach increased the physical hazard under the Policy, the Court concludes that summary judgment regarding the exclusions is inappropriate at this time. After reviewing the parties' summary judgment evidence and the law, the Court finds that genuine issues of material fact are in dispute as to whether coverage may be defeated under one of the exclusions. For example, the parties dispute whether the Defendant had knowledge that any protective safeguards listed in the Schedule had been suspended.

Accordingly,

**IT IS ORDERED** that the motion be and hereby is **DENIED**.


**New Orleans, Louisiana, this** 22nd **day of February, 2013.**


**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**


11